UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 19-10923-CJC (KS)                                         Date: January 3, 2020

Title   *Robert H. Dunlap v. Stu Sherman*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; ORDERING PETITIONER TO SHOW CAUSE RE: DISMISSAL**

On December 27, 2019, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (Dkt. No. 1.) IT IS HEREBY ORDERED that Petitioner's application to proceed *in forma pauperis* is GRANTED. However, for the reasons stated below, Petitioner is ordered to show cause no later than January 24, 2020 why the Petition should not be dismissed on the grounds that it is facially untimely, appears wholly unexhausted, and fails to state a cognizable claim for federal habeas relief.

**INTRODUCTION**

According to the Petition and attached documents, Petitioner is challenging the 60-year prison sentence imposed in connection with his April 1999 first-degree murder conviction (CAL. PENAL CODE § 187(a)) and the jury's determination that Petitioner used a deadly and dangerous weapon, a knife (CAL. PENAL CODE § 12022(b)(1)). (Petition at 2, 5; *see also id.* at CM/ECF Page ID 52-46); *see also* Petition for Review, No. S089291, 2000 WL 34230682 (Jun. 20, 2000), at *3. More than 19 years after the California Supreme Court denied his Petition for Review, *see People v. Dunlap*, No. S089291, 2000 Cal. LEXIS 6023 (Jul. 26, 2000), Petitioner filed the instant Petition. The Petition states that Petitioner has filed no prior state habeas petitions (Petition at 3-4), and the Court's review of the state courts' website indicates that, on September 30, 2019, Petitioner filed in the California Supreme Court his first and only state habeas petition. *See also*

*Dunlap (Robert H.) on H.C.*, Docket (Register of Actions), No. S258318 (denied Jan. 2, 2020), *available at* https://appellatecases.courtinfo.ca.gov (last visited Jan. 3, 2020). [1]

The Petition presents two grounds for habeas relief: (1) Petitioner received an unauthorized sentence in light of California Senate Bill SB-1437;[2] and (2) Petitioner received an unauthorized sentence in light of Proposition 36.[3] (Petition at 5-6.) According to the Petition, Petitioner did not present either of these claims to the California Supreme Court. (*Id.*)

## APPLICABLE LAW

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. To the contrary, a habeas court must give a

---

[1]   Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

[2]   In 2018, the Governor approved California Senate Bill 1437, which changed the liability for felony murder, limiting it to participants in a felony who had the intent to kill and did kill a person; who were not the actual killer but aided and abetted in a killing with the intent to kill; who were major participants in the underlying felony and had a reckless indifference toward human life; or a person who killed a peace officer during the commission of her duties during the commission of the felony and who knew that person was a peace officer. *Davis v. Munoz*, No. 519CV00329JAKSHK, 2019 WL 2424540, at *4 (C.D. Cal. May 2, 2019), report and recommendation adopted, No. 519CV00329JAKSHK, 2019 WL 2424107 (C.D. Cal. June 7, 2019) (citing CAL. PENAL CODE § 189). As of January 1, 2019, any person convicted of felony murder or murder under a natural and probable consequences doctrine can petition the court that sentenced him to vacate the murder conviction and be resentenced on the remaining counts. *Id.* (citing CAL. PENAL CODE § 1170.95 et seq.)).

[3]   Passed in 2000, Proposition 36 created a mechanism by which designated defendants—those serving a third strike sentence for a non-serious and non-violent third strike—could petition the court for a reduction of their term to a second-strike sentence, if they would have been eligible for second strike sentencing under the new law. *See Clayton v. Biter*, 868 F.3d 840, 842 (9th Cir. 2017) (citing CAL. PENAL CODE § 1170.126). However, unless delayed for good cause, defendants seeking resentencing were required to petition the court that entered the judgment of conviction within two years of Proposition 36's passage. *Id.*

petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

For the reasons stated below, the Court finds that the Petition is subject to dismissal under Habeas Rule 4 on the grounds that it is facially untimely, appears wholly unexhausted, and fails to state a cognizable claim for federal habeas relief. Accordingly, this Order constitutes notice to Petitioner of the defects of the Petition and the consequences for his failure to correct them. Petitioner is ordered to file a First Amended Petition remedying the defects identified in this Order and either a response establishing that the exhaustion process is complete or a request for a *Rhines* stay to continue this action.

## FIRST DEFECT: THE PETITION IS FACIALLY UNTIMELY

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or

(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), *see Dodd v. United States*, 545 U.S. 353, 357 (2005), and Petitioner has not proposed any specific alternative commencement date under Section 2244(d)(1). Instead, Petitioner suggests that his claims did not arise until after California Senate Bill 1437 and Proposition 36 went into effect, in 2019 and 2000 respectively. However, this suggestion does not entitle Petitioner to an alternative commencement date under the federal habeas statute. Accordingly, absent tolling, it appears that Petitioner's sentence and conviction became final in 2000 and the statute of limitations expired a year later in 2001.

Furthermore, the Petition does not suggest that Petitioner is entitled to either statutory or equitable tolling of the statute of limitations. Petitioner has not alleged that he filed a state habeas petition prior to the expiration of the statute of limitations, (*see* Petition at 3-4); *see also Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (to qualify for statutory tolling, a state petition must be filed before, not after, the expiration of AEDPA's one-year limitations period), and the Court's review of the state courts' website indicates that Petitioner did not file a state habeas petition in either the California Court of Appeal or the California Supreme Court in the 19 years between the date his conviction became final in 2000 and September 30, 2019. Petitioner also has not alleged any extraordinary circumstances that prevented him from timely filing this action. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted). Accordingly, it appears from the face of the Petition that the action must be dismissed as untimely.

Petitioner, therefore, is ORDERED TO SHOW CAUSE why the Petition should not be dismissed as untimely—that is, **Petitioner must file, no later than January 24, 2020, a First Amended Petition that includes specific factual allegations demonstrating that either the Petition is timely under 28 U.S.C. § 2244(d)(1) or that Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition.**

**SECOND DEFECT:  THE PETITION APPEARS WHOLLY UNEXHAUSTED**

A federal court also will not entertain a habeas corpus petition until the petitioner has exhausted the available state judicial remedies on every ground presented in the petition—that is, until the state courts have had the opportunity to review the claim and provide any necessary relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999);  *Rose v. Lundy*, 455 U.S. 509, 515, 518-22 (1982).  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseemliness' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  *O'Sullivan*, 526 U.S. at 845.

The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Exhaustion requires that a petitioner's claim be fairly presented to the state supreme court, even if that court's review is discretionary. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  A claim is fairly presented only if the petitioner described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  *See Gray v. Netherland*, 518 U.S. 152, 162 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971)); *Andrews v. Davis*, 798 F.3d 759, 789 (9th Cir. 2015).  Additionally, a claim is not exhausted until the petitioner knows the outcome of the state court proceedings.  *See Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013); *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983).  This is because a pending state court challenge may result in the reversal of the state convictions, thereby mooting the petition  *Sherwood*, 716 F.2d at 634.

According to the Petition, Petitioner has filed no state habeas petitions.  (Petition at 3-4.) Furthermore, although the California state courts' website indicates that Petitioner filed a habeas petition in the California Supreme Court in September 2019, Petitioner has not alleged—nor is it clear from the state courts' website—that this petition presented the two claims for habeas relief asserted in the instant Petition.  Accordingly, the Petition appears wholly unexhausted.  Petitioner is, therefore, ORDERED TO SHOW CAUSE no later than January 24, 2020 why the Petition should not be dismissed for lack of exhaustion—that is, **Petitioner shall file no later than the January 24, 2020 deadline <u>either</u>:**

**(1)** a Response to this Order that establishes that the exhaustion process is complete—that is, that the California Supreme Court has considered and adjudicated Petitioner's claims for relief, either on direct appeal or habeas review; **or**

**(2)** a request for a stay pursuant to *Rhines v. Weber*, **544 U.S. 269 (2005)** that establishes <u>**all three of the following**</u>: (i) there is "good cause" for Petitioner's failure to exhaust his claims for relief; (ii) the unexhausted claims are "potentially meritorious;" and (iii) Petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78; *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*"); *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017) (discussing the good cause standard for a *Rhines* stay).

## THIRD DEFECT:  THE PETITION FAILS TO STATE A COGNIZABLE CLAIM FOR HABEAS RELIEF

Finally, the habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam) (quoting *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam)). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). However, Petitioner's only two grounds for relief contend that his sentence is unauthorized under *state* law—namely, Proposition 36 and California Senate Bill 1437. In the absence of allegations that he is in custody in violation of the U.S. Constitution or federal law, the Petition does not present a cognizable claim for relief.

Petitioner is therefore ORDERED TO SHOW CAUSE no later than January 24, 2020 why the Petition should not be dismissed for failure to state a cognizable claim for habeas relief—that is, **no later than January 24, 2020 deadline, Petitioner shall file a First Amended Petition that makes a clear and concise argument, supported by specific facts, that his custody violates the U.S. Constitution or the laws of the United States.** Conclusory allegations of a constitutional

violation will not be sufficient to warrant habeas relief.  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

**ORDER AND CONCLUSION**

In light of the foregoing, the Court finds that the Petition is subject to dismissal under Habeas Rule 4 because it is facially untimely, appears wholly unexhausted, and fails to state a cognizable claim for relief.  Petitioner is, therefore, ORDERED TO SHOW CAUSE no later than January 24, 2020 why the Petition should not be dismissed on the basis of these defects.

**To discharge this Order and avoid dismissal, Petitioner shall file, no later than January 24, 2020, the following two items:**

**(1) a First Amended Petition[4] that both:**
  a. **includes specific factual allegations demonstrating that either the Petition is timely under 28 U.S.C. § 2244(d)(1) or that Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing**; and
  b. **makes a clear and concise argument, supported by specific facts, that his custody violates the U.S. Constitution** or the laws of the United States; and

**(2) either:**
  a. **a Response to this Order that establishes that the exhaustion process is complete** – that is, that the California Supreme Court has considered and adjudicated Petitioner's claims; or
  b. **a request for a stay pursuant to *Rhines v. Weber***, 544 U.S. 269 (2005) that establishes all three of the following:  (i) there is "good cause" for Petitioner's failure to exhaust his claims for relief; (ii) the unexhausted claims are "potentially meritorious;" and (iii) Petitioner has not engaged in "intentionally dilatory litigation tactics."

---

[4]   In filing a First Amended Petition, Petitioner is strongly encouraged to use the Central District's form habeas petition, which is attached to this Order.  Any First Amended Petition may not refer to Petitioner's earlier pleadings or assume the reader's familiarity with the Petition or any of its attachments.  Any claims included in the Petition but omitted from the First Amended Petition will be deemed abandoned.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 19-10923-CJC (KS)                                               Date: January 3, 2020

Title   *Robert H. Dunlap v. Stu Sherman*

Alternatively, if Petitioner no longer wishes to proceed with this action, he may file a signed document entitled "Notice of Voluntary Dismissal" and the Petition will be dismissed without prejudice.

**Petitioner is warned that his failure to timely comply with this Order and correct the defects in the Petition as directed by the Court may result in a recommendation of dismissal.**

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr