UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   CV 19-10923-CJC (KS)                                   Date: February 6, 2020

Title   *Robert H. Dunlap v. Stu Sherman*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL AND REVOCATION OF ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS***

On December 27, 2019, Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.)   According to the Petition and attached documents, Petitioner is challenging a 60-year prison sentence imposed following an April 1999 first-degree murder conviction (Cal. Penal Code § 187(a)) and the jury's determination that the defendant in that case used a deadly and dangerous weapon, a knife, in the commission of the offense (Cal. Penal Code § 12022(b)(1)). (Petition at 2, 5; *see also id.* at CM/ECF Page ID 52-46); Petition for Review, No. S089291, 2000 WL 34230682 (Jun. 20, 2000), at *3.

On January 3, 2020, the Court ordered Petitioner to show cause no later than January 24, 2020 why the Petition should not be dismissed on the grounds that it is facially untimely, appears wholly unexhausted, and fails to state a cognizable claim for federal habeas relief.  (Dkt. No. 4.) Specifically, the Court directed Petitioner to file, no later than January 24, 2020, **both**:  (1) a First Amended Petition that (a) included specific factual allegations establishing that the action is timely and (b) made a clear and concise argument supported by specific facts that Petitioner's custody violates the U.S. Constitution or the laws of the United States; **and** (2) either a response establishing that the exhaustion process in the state courts was complete or a request for a stay. (Dkt. No. 4.)

On January 16, 2020, Petitioner filed a response in which he contended that the state court exhaustion process was complete.  (Dkt. No. 5.)  However, Petitioner did not also file a First

Amended Petition nor did he (a) articulate specific factual allegations that establish that the Petition is timely and (b) argue that Petitioner's conviction or custody violates the U.S. Constitution or the laws of the United States. (*See generally* Dkt. No. 5.) Accordingly, on January 21, 2020, the Court directed that, to avoid dismissal, Petitioner must file, no later than February 11, 2020, a First Amended Petition that complies with the Court's January 3, 2020 Order. (Dkt. No. 6.)

On February 3, 2020, the Court received its January 21, 2020 Order returned marked undeliverable because Petitioner's "name & CDC# do not match." (Dkt. No. 7.) It has now come to the Court's attention that "Robert H. Dunlap" may not be the name under which Petitioner was convicted and incarcerated,[1] and, further, it appears that Petitioner may have forged a correctional officer's signature on his application to proceed *in forma pauperis*.

Local Rule 11-1 requires that all documents are signed "by the attorney for the party *or the party appearing pro se*." L.R. 11-1 (emphasis added). In addition, Local Rule 41-6 states that, "[i]f mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action."

**Therefore, IT IS HEREBY ORDERED that, no later than February 24, 2020, Petitioner shall file a First Amended Petition that complies with the Court's January 3, 2020 Order (*i.e.*, that establishes that the Petition is timely and argues that Petitioner's conviction or custody violates the U.S. Constitution or the laws of the United States) <u>and notifies the Court of the name under which Petitioner was committed, provides official CDCR documentation of the name under which he is committed, and, if appropriate, requests that the Court amend the caption accordingly</u>.**

**IT IS FURTHER ORDERED that Petitioner is ORDERED TO SHOW CAUSE, no later than February 24, 2020, why the Court's Order Granting Petitioner's Application to**

---

[1] According to the California Department of Corrections and Rehabilitation's inmate locator website, Robert *Jackson* is the inmate confined at the California Substance Abuse Treatment Facility who has been assigned CDC number K11720—the CDC number that Petitioner used in connection with his filings in this case. *See* CDCR Inmate Locator, Inmate Information, https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=K11720 (last visited Feb. 6, 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   CV 19-10923-CJC (KS)                                         Date: February 6, 2020

Title   *Robert H. Dunlap v. Stu Sherman*

**Proceed *In Forma Pauperis* (Dkt. No. 4) should not be revoked as inadequately supported. To avoid revocation of that Order, Petitioner must submit, on or before the February 24, 2020 deadline, an IFP application that contains all necessary documentation <u>and is signed by an authorized officer of the Institution, with that officer's title printed next to or below the signature.</u>**

**Petitioner is advised that his failure to timely comply with this Order, in whole or in part, <u>will</u> result in a recommendation of dismissal. Alternatively, Plaintiff may file a signed document entitled Notice of Voluntary Dismissal and the action will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).**

The Clerk is directed to send Petitioner a copy of the Court's January 3, 2020 Order (Dkt. No. 4), and the Court directs Petitioner's attention to pages three to four and six to seven of that Order. The Clerk is further directed to send Petitioner the Central District's form state habeas petition for Petitioner to complete in order to discharge this Order and avoid dismissal.

**IT IS SO ORDERED**.

                                                                                          :
                                                    **Initials of Preparer**   gr